The STATE of Ohio, Appellee,

v.

SHELTON, Appellant.

[Cite as *State v. Shelton,* 165 Ohio App.3d 142, 2006-Ohio-182.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040658.

Decided Jan. 20, 2006.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Thomas J. Boychan Jr., Assistant Prosecuting Attorney, for appellee.

Myron Y. Davis Jr., for appellant.

SYLVIA S. HENDON, Judge.

{¶ 1} Defendant-appellant, James Shelton, pleaded guilty to intimidation of a witness, a third-degree felony. Shelton was initially sentenced to two years' incarceration on November 28, 2001. But this sentence was vacated, and Shelton was resentenced on December 3, 2001, to six months in the Hamilton County Justice Center, three years of community control, 500 hours of community service, and completion of the Crossroads Program. Shelton violated his community control and appeared before the trial court on January 8, 2003. The court continued his community control for a period of three years, subject to all the original terms previously imposed. Shelton again violated his community control. As a result of this violation, the trial court imposed three years' imprisonment on September 18, 2003.

{¶ 2} Shelton appealed his sentence to this court, and we remanded on the authority of State v. Giles,[1] because the trial court had not informed Shelton of the specific sentence that would be imposed should he violate his community control. Upon remand, Shelton was resentenced on October 4, 2004. The trial court placed him on community control for the balance of five years, continued Shelton's obligations to complete both 500 hours of community service and either the Crossroads Program or an anger-management program, and informed Shelton that he would receive five years' imprisonment upon a future community-control violation.

{¶ 3} Shelton asserts two assignments of error on appeal regarding the most recent sentence imposed. He argues that the trial court erred in ordering him to

---

1.  1st Dist., No. C–010582, 2002-Ohio-3297, 2002 WL 1393559.

complete 500 hours of community service and that the trial court erred in the imposition of sentence. We find merit only in Shelton's first assignment of error.

## Community Service

{¶ 4} As we have noted, Shelton was ordered to complete 500 hours of community service. R.C. 2929.17 addresses the imposition of community-service sanctions for an offender convicted of a felony. At the time Shelton committed his offense, R.C. 2929.17(C) provided that a term of up to 500 hours of community service could be imposed upon a felony offender pursuant to R.C. 2951.02(F).

{¶ 5} R.C. 2951.02(F), at the time of Shelton's offense, further addressed the imposition of community service. Subsection (F)(1)(a) applied to offenders who were convicted of or pleaded guilty to a misdemeanor, and it stated that the period of supervised community service imposed "shall not exceed an aggregate of two hundred hours." Subsection (F)(2) discussed community service for offenders convicted of a felony, and it stated that "the court may impose pursuant to sections 2929.15 and 2929.17 of the Revised Code a sanction that requires the offender to perform supervised community service work." Confusion arises because subsection (F)(2) also provided that "the supervised community service work that may be imposed under this division shall be subject to the limitations specified in divisions (F)(1)(a) to (d) of this section." These limitations included the provision restricting community-service hours to an aggregate of 200.

{¶ 6} A close reading of both R.C. 2929.17 and 2951.02 indicates that these provisions cannot be read in harmony. Any order of community service under R.C. 2929.17 had to be in accordance with R.C. 2951.02(F). Initially, R.C. 2951.02(F)(2) appeared to permit the imposition of 500 hours of community service upon a felony offender, because it provided that felony community service was to be imposed pursuant to R.C. 2929.17, which allowed for 500 hours of community service. But R.C. 2951.02(F)(2) also subjected the community-service work imposed to certain limitations. The relevant limitation in this case was contained in R.C. 2951.02(F)(1)(a), which limited the amount of community-service work to 200 hours. It does not appear that R.C. 2951.02(F) allowed, either for a felony or for a misdemeanor, the imposition of more than 200 hours of community service.[2]

{¶ 7} Because these provisions are ambiguous and cannot be read in harmony, we are forced to construe them in favor of Shelton.[3] We sustain Shelton's assignment of error and modify his community service to 200 hours.

---

2. The legislature has since corrected this apparent conflict. See R.C. 2951.02(F).

3. R.C. 2901.04 provides that provisions in the code shall be strictly construed against the state and in favor of the defendant.

## Imposition of Sentence

{¶ 8} In his second assignment of error, Shelton alleges that the trial court erred in the imposition of sentence. He argues that it was unfair to continue him on community control for the balance of five years, when he had initially been placed on community control for only three years. He also argues unfairness because he faced a potential five years' incarceration for a community-control violation, when previous sentences of two and three years' imprisonment had been imposed and vacated.

{¶ 9} Shelton's community control was properly extended to the balance of five years. R.C. 2929.15(A)(1) provides that "[t]he duration of all community control sanctions imposed upon an offender under this division shall not exceed five years." Division (B) of the statute states that, upon a community-control violation, "[t]he sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section." These provisions justified the imposition of the balance of five years' community control. We further conclude that such a sentence was not unfair. Shelton had a lengthy criminal history and had violated his community control several times.

{¶ 10} The trial court was also justified in informing Shelton that he faced five years' incarceration upon a future community-control violation. R.C. 2929.19(B)(5) requires a court to notify an offender of the period of incarceration that will be imposed upon a community-control violation. The statute states that "the court shall notify the offender that * * * [the court] may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." Shelton pleaded guilty to a third-degree felony, which carries the sentencing range of one to five years. The trial court's potential sentence fell within this range, and the court made the necessary findings in support of the sentence. The court found that Shelton posed the greatest likelihood of recidivism because of his extensive criminal history. The record supports that finding.

{¶ 11} For the foregoing reasons, we sustain Shelton's first assignment of error and modify his community-service obligation to 200 hours. The judgment is otherwise affirmed.

Judgment affirmed as modified.

HILDEBRANDT, P.J., and SUNDERMANN, J., concur.